Judge: Thomas T. Glover
Chapter: 13
Hearing Date: July 14, 2010
Hearing Time: 9:00 a.m.
Hearing Location:
    Marysville Municipal Court
    1015 State Ave. Courtroom 1
    Marysville, WA 98270
Response Date: July 07, 2010

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

JEFFRY A. BARTH,

    Debtor(s).

IN CHAPTER 13 PROCEEDING
NO. 09-19941-TTG

OBJECTION TO CONFIRMATION
OF PLAN AND MOTION TO
DISMISS CASE

K. Michael Fitzgerald, Chapter 13 Trustee, objects to the confirmation of the debtor's Chapter 13 plan and moves to dismiss the debtor's Chapter 13 case. In support of his Objection and Motion, the Trustee states as follows:

The debtor filed this case on September 25, 2009. The debtor's Chapter 13 plan, also filed September 25, 2009, proposes a bi-weekly plan payment of $350.00 ($758.34 per month) and a plan term of approximately ten months. The debtor's Form B22C (Docket No. 4) reflects that the debtor's income is above the state median and that his applicable commitment period (ACP) is sixty months. The debtor's plan cannot be confirmed, as it fails to provide for the sixty month ACP. See 11 U.S.C. § 1325(b); Hamilton v. Lanning (In re Lanning), -- U.S. --, No. 08-998 (June 7, 2010).

The debtor's net income as reflected on Schedule J is negative $479.46. Only an individual with regular income may be a debtor under Chapter 13. 11 U.S.C. § 109(e). An individual with regular income means an individual whose income is sufficiently stable and regular to enable that individual to make payments under a Chapter 13 plan. 11 U.S.C. § 101(30). If the debtor's Schedules I and J are accurate, the debtor has no income to fund a plan

OBJECTION TO CONFIRMATION
AND MOTION TO DISMISS - 1

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282

and he is therefore ineligible for Chapter 13 relief.  Interestingly, however, the debtor is current on his proposed plan payments.

In the event debtor's plan payments become delinquent after the date this objection and motion are filed, the Chapter 13 Trustee also objects to confirmation and moves to dismiss this case based on debtor's plan payment delinquency.

The Trustee reserves the right to assert additional bases for his Objection and Motion.  A proposed Order on this Objection and Motion is attached and incorporated.

WHEREFORE, the Chapter 13 Trustee requests that the Court enter an Order denying confirmation of the debtor's Chapter 13 plan and dismissing the debtor's Chapter 13 case.

Dated this 9th day of June, 2010

*/s/ Jason Wilson-Aguilar*, WSBA #33582 for
K. MICHAEL FITZGERALD
Chapter 13 Trustee

OBJECTION TO CONFIRMATION
AND MOTION TO DISMISS - 2

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282