KEN SCHNEIDER, J.D., LL.M. (Tax)
Attorney at Law
2015 33rd Street
Everett, WA 98201
(425) 258-2704

The Honorable Thomas T. Glover
United States Bankruptcy Judge

Hearing date: July 14, 2010
Hearing time: 9:00 a.m.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re ) | IN PROCEEDINGS UNDER CH. 13 |
| ) | |
| JEFFRY A. BARTH ) | NO. 09-19941 |
| ) | |
| ) | RESPONSE TO TRUSTEE'S |
| Debtor(s). ) | OBJECTION TO CONFIRMATION, |
| ) | AND MOTION TO DISMISS |

COMES NOW, the debtor, through his attorney, Ken Schneider and hereby responds to the Objection to Confirmation and Motion to Dismiss filed by the Trustee.

## I. FACTS

The debtor filed his Petition, Schedules, Statement of Financial Affairs, Form B22C and Plan on September 25, 2009. The debtor's Form 22C ("means test") shows total monthly income of $7,815.17 and annualized current monthly income of $93,782.17. He has household of 1 and the applicable median income for a household of 1 is $50,656.00. His income is above the median income. After deducting his allowable expenses, line 59 of the means test showed his monthly disposable income under §1325(b)(2) is negative $1,038.02. The debtor's monthly net income per Schedule I is $4,251.13, while his monthly net income listed on Schedule J is negative $479.46. The debtor's plan proposes bi-weekly plan payments of $350.00 and an intended plan length of ten months.

RESPONSE TO TRUSTEE'S OBJECTION TO PLAN
AND MOTION TO DISMISS - 1

KEN SCHNEIDER, J.D., LL.M. (TAX)
ATTORNEY AT LAW  WSBA #22410
2015 33RD STREET
EVERETT, WA 98201  (425) 258-2704

## II. TRUSTEE'S OBJECTIONS

The Trustee asserts that the debtor's plan does not comply with 11 U.S.C. § 1325(b). The Trustee's objections are:

1) The plan must provide for the correct sixty month applicable commitment period.

2) Only an individual with regular income may be a debtor under Chapter 13.

## III. RESPONSE TO TRUSTEE'S OBJECTIONS

1. The plan must provide for the correct sixty month applicable commitment period.

The debtor's plan proposes to run 10 months. On line 59 of the debtor's Form B22C it shows "Disposable Income Under §1325" of negative $1,038.02. The debtor has negative disposable income. The Ninth Circuit has ruled that where the debtor, or debtors, have income above the median income for their household size and have negative projected disposable income, there is no applicable commitment period. *In re Kagenveama*, 541 F.3d 868 (9th Cir. 2008). In *Kagenveama* the Court took a "mechanical approach" to calculating projected disposable income. The U.S. Supreme Court has recently ruled that a "forward looking approach" is the correct method for calculating projected disposable income. *In re Lanning*, No 08-998, slip op. (U.S. June 7, 2010). Although *Kagenveama* was partially overruled, in that the correct method of calculating projected disposable income is a forward looking approach, it is still good law as to the conclusion that there is no applicable commitment period if the debtor has

RESPONSE TO TRUSTEE'S OBJECTION TO PLAN
AND MOTION TO DISMISS - 2

KEN SCHNEIDER, J.D., LL.M. (TAX)
ATTORNEY AT LAW  WSBA #22410
2015 33RD STREET
EVERETT, WA  98201  (425) 258-2704

negative projected disposable income. The debtor's plan was prepared and filed prior to the Supreme Court's *Lanning* decision.

There have been conflicting opinions on how to calculate a debtor's projected disposable income. The U.S. Supreme Court ruled that "when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation." *Lanning*, at 18. A court, in calculating "projected disposable income," should begin with the "presumption" that the figure yielded by the mechanical approach is correct, but the Court concluded that this figure may be rebutted by evidence of a substantial change in the debtor's circumstances." *Lanning*, at 5-6. The amount of monthly disposable income derived from the means test is presumptively correct.

In some cases the disposable income derived from the means test will not be the "projected" disposable income. Respondent in *Lanning* argued that "in exceptional cases, where significant changes in a debtor's financial circumstances are known or virtually certain, a bankruptcy court has discretion to make an appropriate adjustment." *Lanning,* at 6. A court taking the forward-looking approach should begin by calculating disposable income, and in most cases, nothing more is required. It is only in exceptional cases where significant changes in the debtor's financial circumstances that are known or virtually certain

RESPONSE TO TRUSTEE'S OBJECTION TO PLAN AND MOTION TO DISMISS - 3

KEN SCHNEIDER, J.D., LL.M. (TAX)
ATTORNEY AT LAW  WSBA #22410
2015 33RD STREET
EVERETT, WA  98201  (425) 258-2704

that the court should not use the disposable income derived from the means test as the projected disposable income.

There have been differing opinions on how long a debtor must remain in a Chapter 13 bankruptcy. The Ninth Circuit Court of Appeals ruled that "Applicable commitment period "denotes the time by which a debtor is obligated to pay unsecured creditors ... but the 'applicable commitment period' requirement is inapplicable to a plan submitted voluntarily by a debtor with no 'projected disposable income.'" *In re Kagenveama*, 541 F.3d 868, 876 (9th Cir. 2008). The Court went on to say "the 'applicable commitment period' is irrelevant because it is applicable only to the payment of 'projected disposable income' and, in this case, there is no 'projected disposable income.'" *Id*. at 877. The Court concluded that "the 'applicable commitment period' is not the minimum plan duration, but instead 'represents the period over which payments of projected disposable income must be devoted to unsecured creditors." *Id*. If the debtor does not have projected disposable income then there is no applicable commitment period.

*Lanning* did not address the "applicable commitment period." In fact the only reference to *Kagenveama* at all is one time with regards to the arguments advanced in favor of the mechanical approach. *Lanning*, at 12. In fact the Court seems to go out of its way to minimize the use of the term "applicable commitment period". In *Lanning* the Court noted "Section 1325 provides that if a trustee or an unsecured creditor objects to a Chapter 13 debtor's plan, a

RESPONSE TO TRUSTEE'S OBJECTION TO PLAN
AND MOTION TO DISMISS - 4

KEN SCHNEIDER, J.D., LL.M. (TAX)
ATTORNEY AT LAW  WSBA #22410
2015 33RD STREET
EVERETT, WA  98201  (425) 258-2704

bankruptcy court may not approve the plan unless it provides for the full payment of unsecured claims or 'provides that all of the debtor's projected disposable income to be received' over the **duration of the plan** (emphasis added) 'will be applied to make payments' in accordance with the terms of the plan. 11 USC 1325(b)(1)". *Lanning*, at 2.   1325(b)(1)(B) actually reads "the plan provides that all of the debtor's projected disposable income be received in the **applicable commitment period** (emphasis added) beginning on the date that the first payment is due under the plan will be applied to make payment to unsecured creditors under the plan."

  *Lanning* addressed "projected disposable income" over the "duration of the plan." *Lanning*, at 1. The Court stated that it "granted certiorari to decide how a bankruptcy court should calculate a debtor's 'projected disposable income.'" *Id*. at 2. When addressing the Chapter 13 trustee's argument that the mechanical approach applied, the Court referenced "the commitment period" omitting "applicable." *Id*. at 4. In reciting the history of *Lanning* the Supreme Court stated "The Bankruptcy Court endorsed respondent's proposed monthly payment of $144 but required a 60-month plan period." *Id*. at 5. In referring to the mechanical approach the Court stated "Petitioner … contends that 'projected disposable income' means past average monthly disposable income multiplied by the number of months in a debtor's plan." *Id*. at 6. Again, in rejecting the mechanical approach the Court elects to use the term "plan period" three times,

RESPONSE TO TRUSTEE'S OBJECTION TO PLAN  KEN SCHNEIDER, J.D., LL.M. (TAX)
AND MOTION TO DISMISS - 5  ATTORNEY AT LAW  WSBA #22410
  2015 33RD STREET
  EVERETT, WA  98201  (425) 258-2704

avoiding "applicable commitment period." *Id*. at 14.  The Court in *Lanning* did not rule on *Kagenveama's* determination that there was no applicable commitment period if there was no projected disposable income.

The required length of a plan filed by a debtor with above the median income and no projected disposable income was addressed in *Kagenveama*.  The Court ruled "only 'projected disposable income' has to be paid out over the 'applicable commitment period.'  When there is no 'projected disposable income,' there is no 'applicable commitment period.'" *Kagenveama*, at 877.  The decision clarifies that "the 'applicable commitment period' applies only to plans that feature 'projected disposable income.'" Id. at 877.  Where there is no projected disposable income there is no applicable commitment period.

Therefore, *Kagenveama* and *Lanning* can be reconciled.  The forward looking approach applies to calculating "projected disposable income." *Lanning* However, if there is no "projected disposable income" and the debtor is above the median income then there is no "applicable commitment period." *Kagenveama*.

In *Lanning* the Court addressed which expenses applied in computing the debtor's ability to pay.  "The Court must decide whether it should subtract the expenses shown on Form B22C … or those shown on Schedule J." *In re Lanning*, 2007 Bankr. LEXIS 1639, Bankr. L. Rep. (CCH) P80,927 at 25 (2007).  This Court finds that above-median income debtors must deduct from income the

RESPONSE TO TRUSTEE'S OBJECTION TO PLAN
AND MOTION TO DISMISS - 6

KEN SCHNEIDER, J.D., LL.M. (TAX)
ATTORNEY AT LAW  WSBA #22410
2015 33RD STREET
EVERETT, WA  98201  (425) 258-2704

expenses they itemize on Form B22C to arrive at the minimum amount that they must pay to unsecured creditors. Id. at 27.

2. Only an individual with regular income may be a debtor under Chapter 13.

The debtor's net income on Schedule J is negative $479.46. At the time that this case was filed *Kagenveama* was clearly good law. The relevance of Schedule I and J in a case where the debtor's income was above the median income was nominal. There was not a great deal of attention given to the numbers reported on Schedule I and J. The income listed on Schedule I is nearly the same as the amount on Form B22C  The Trustee points out that the debtor has negative net monthly income but is current on his plan payments. Obviously the debtor has increased his income and/or decreased his expenses sufficiently to afford to make his plan payments.

If Congress had intended the test to be that the debtor have positive "Monthly net income" on Schedule J they could have said so. That is not the test. The debtor has income sufficient to fund the plan payments and the Trustee's objection should be overruled.

Obviously reasonable minds differ as to the meaning of *Lanning*. That the debtor proposed a plan that complied with the law at the time that he filed (and arguably still complies with the law) cannot be construed as a plan lacking good faith. There is no basis for the debtor's case to be dismissed.

IV. CONCLUSION

RESPONSE TO TRUSTEE'S OBJECTION TO PLAN AND MOTION TO DISMISS - 7

KEN SCHNEIDER, J.D., LL.M. (TAX)
ATTORNEY AT LAW  WSBA #22410
2015 33RD STREET
EVERETT, WA  98201  (425) 258-2704

The arguments raised by the Trustee are novel.  The debtor's Petition and Schedules were prepared according to current practices and standards.  The debtor prepared his bankruptcy with the assistance of a competent attorney.  The debtor was not dishonest or deceptive in preparing his Petition, Schedules, Statement of Financial Affairs or Means Test.  There is no basis for dismissing the debtor's case.  The debtor should be given time to provide any additional information the court would like to review and/or to amend any paperwork to conform with the Court's ruling.

The debtor's plan as filed complies with the law at the time it was filed.  This is not an exceptional or unusual case.  There are no significant changes that are known or virtually certain.  The *Lanning* decision has no affect on this case.  There still is no applicable commitment period.  The debtor's plan should be confirmed as filed.

WHEREFORE the Trustee's objection to the debtors' plan should be denied and the debtors plan should be confirmed.

DATED:  7-7-2010                                  /s/ Ken Schneider
                                                  Ken Schneider, WSBA #22410
                                                  Attorney for debtor(s)

RESPONSE TO TRUSTEE'S OBJECTION TO PLAN         KEN SCHNEIDER, J.D., LL.M. (TAX)
AND MOTION TO DISMISS - 8                       ATTORNEY AT LAW  WSBA #22410
                                                2015 33RD STREET
                                                EVERETT, WA  98201  (425) 258-2704